**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**NATESSA GUYTON,**
*Individually and on behalf of all other similarly situated current and former employees,*

Plaintiff,

v.                                                                                  Case No. 1:19cv149-SA-DAS

**QUALITY HEALTHCARE LLC,**
*A Mississippi Limited Liability Corporation*,                    **FLSA Opt-in Collective Action**
f/d/b/a Quality Healthcare, INC. or Quality                        JURY DEMANDED
Healthcare and Hospice LLC and
**VERLENCIA R. MYERS** and
**JETUWAN BROWN**, *Individually*

Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiff Natessa Guyton, individually, and on behalf of herself and all others similarly situated, hereby files her Collective Action Complaint ("Complaint") against Quality Healthcare LLC, a Mississippi limited liability company, and Verlencia Myers and Jetuwan Brown, individually, and alleges as follows:

### I.     INTRODUCTION

1.  Plaintiff Natessa Guyton ("Plaintiff") was an employee of Quality Healthcare, LLC ("Quality Healthcare") at all times relevant to this Complaint.

2.  Quality Healthcare is a limited liability company registered and in good standing with the Mississippi Secretary of State since 2012.

3.  Quality Healthcare consists of two managers listed with the Mississippi Secretary of State,

Verlencia R. Myers and Jetuwan Brown.

4. Verlencia Myers and Jetuwan Brown are individual defendants in this matter.

5. This lawsuit is brought against Quality Healthcare, Verlencia Myers and Jetuwan Brown, (collectively "Defendants") as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid wages for Plaintiff and other similarly situated employees.

6. Plaintiff alleges that current or previous employees of any or all Defendants, as described in paragraph 17 (¶ 17) below, are similarly situated individuals as contemplated by 29 U.S.C. 216(b).

7. Plaintiff was employed by Defendants during times relevant to this action.

8. At all times material to this Complaint, Plaintiff and others similarly situated performed the work assigned by their supervisors or other responsible individuals at Quality Healthcare.

9. Defendants compensated Plaintiff and others similarly situated individuals on an hourly basis.

10. Plaintiff and other similarly situated individuals worked for Defendants in excess of forty (40) hours during workweeks between August 5, 2016 and the present.

11. Defendants only paid Plaintiff and similarly situated individuals a "straight time" hourly rate for all hours worked during the week, as described by Defendant in *Exhibit A*.

12. Defendants "straight time" policy is a *prima facie* violation of the FLSA, applied companywide to a discrete subset of Defendant's employees.

## II.     JURISDICTION AND VENUE

13. The FLSA authorizes actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on

29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this district and performed job duties as an employee of Quality Healthcare in this district. Defendants regularly conduct business in this district, and Defendants' wage and hour plans, policies, and practices are administered in this district.

15. Quality Healthcare has violated, and continues to violate, the FLSA within this district at all times relevant to this Complaint. Defendants Verlencia Myers and Jetuwan Brown, are the only managing members of Quality Healthcare during times relevant to this Complaint.

### III.   CLASS DESCRIPTION

16. Plaintiff brings this action on behalf of the following similarly situated persons:

    All current and former employees of Quality Healthcare, LLC or, prior to July 17, 2017, Quality Healthcare, Inc. or Quality Healthcare and Hospice LLC, who have worked in any capacity for Quality Healthcare more than forty(40) hours during any week from three years prior to the filing of this Complaint through the present and were paid according to Defendants' straight time policy as described by Defendant in *Exhibit A*, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the Class").

### IV.   PARTIES

17. Defendant Quality Healthcare LLC is a Mississippi Limited Liability Company. Its principal office and address is 625 Lakeland East Drive, Ste E, Flowood, MS 39204. According to the Mississippi Secretary of State, Quality Healthcare LLC may be served through its registered agent for service of process, Jetuwan Brown at 198 Charmant Place,

Ste 4, Ridgeland, MS 39157.

18. On or around June 28, 2017, Quality Healthcare and Hospice LLC changed its name to Quality Healthcare Inc.

19. Shortly thereafter, on July 17, 2017, Quality Healthcare Inc. changed its name to Quality Healthcare, LLC.

20. Throughout this Complaint "Quality Healthcare" refers to the entity currently named Quality Healthcare LLC, and formerly named Quality Healthcare Inc., or Quality Healthcare and Hospice LLC, as stated above.

21. Defendant Verlencia R. Myers is one of only two managers of Quality Healthcare, LLC and may be served at her address listed with the Mississippi Secretary of State, 102 Amethyst Ln. Brandon, MS 39047.

22. Defendant Jetuwan McGruder Brown is one of only two managers of Quality Healthcare, LLC and may be served at his address listed with the Mississippi Secretary of State, 103 Honours Drive Madison, MS 39110.

23. Plaintiff Natessa Guyton is an adult citizen of the United States and was employed in this district as a registered nurse by Defendants during times relevant to this action, specifically from April of 2018 through the present. Specifically, Plaintiff Guyton has been employed by the Defendants during the last three years and continues to be employed by the Defendants. Plaintiff Guyton's "Consent to Join" is attached as *Exhibit B*.

## V. ALLEGATIONS

24. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

25. Defendant Quality Healthcare is in the business of offering in-home private duty nursing services as well as homemaker and companionship services, including elderly care, respite care, and private duty nursing.

26. Defendants Myers and Brown are subject to personal jurisdiction in the state of Mississippi for purposes of this lawsuit.

27. Upon information and belief, Defendants Myers and Brown oversaw, were aware of, and/or approved the "straight time" pay scheme, complained of here, which Plaintiff alleges violates the FLSA.

28. Upon information and belief, Defendants Myers has directly addressed Plaintiff Guyton's concerns regarding the manner of her overtime compensation in the past and was the individual who personally handed Plaintiff Guyton the document marked as *Exhibit A¸* after Plaintiff Guyton complained to Quality Healthcare regarding their overtime practices, and induced Plaintiff Guyton to sign such document.

29. Throughout the recovery period applicable to this action, upon information and belief, Defendants Myers and Brown knew that the law required that their employees who are paid on an hourly basis should be paid overtime for each hour they worked in excess of forty (40) in any given workweek.

30. Defendants are and/or have been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA as well as employers of all other persons hired to work for Defendants.

31. Plaintiff and those similarly situated are and/or have been hourly-paid, "straight time" employees of Defendants.

32. Defendants employed Plaintiff and those similarly situated and were responsible for

establishing and administering pay policies and practices, including pay classifications and overtime compensation rates of pay under the control and direction of Verlencia Myers and Jetuwan Brown, during all times relevant to this action.

33. Defendants have maintained a common plan, policy, and practice of establishing and administering pay for Plaintiff and other similarly situated "straight time" employees at all times relevant herein.

34. Defendants' common payroll and compensation plans, policies, and practices relating to Plaintiff and other similarly situated "straight time" employees have been established, implemented and administered by and through Verlencia Myers and Jetuwan Brown, as the respective shareholders of Quality Healthcare, and on their behalf individually.

35. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants, as defined by Section 203(e)(l) of the FLSA and were employed by Defendants within the territory of the United States of America within three (3) years preceding the filing of this lawsuit.

36. At all times material to this action, Quality Healthcare has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00.

37. Defendants were subject to the FLSA with respect to the required minimum wages and overtime wages to be paid to their employees within weekly pay periods during the relevant statutory limitations period of two (2) years for non-willful violations of the FLSA's minimum wage and overtime provisions and three (3) years for willful violations of the same.

38. Defendants believed they were required to pay employees in accordance with the FLSA.

39. Defendants have had a centralized common plan, policy, and practice of only paying Plaintiff and those similarly situated employees on a straight time basis for all hours worked within weekly pay periods during the relevant statutory period.

40. Defendant paid the Class a flat, hourly rate for all hours worked in a pay period, including all hours worked over forty (40).

41. To maintain a flat "straight time" rate, Defendant varied the hourly base rate it paid each employee, depending on the number of overtime hours worked by that employee.

42. The more hours over forty (40) each member of the Class worked in any week, the lower Defendant set the individual's hourly rate of pay for that week. *See Exhibit A*.

43. Defendants therefore knew they had an obligation to pay their employees a rate of at least 1.5 times the employees' regular rate (or alternative but statutorily-permitted base rate) of pay for all time worked over forty (40) hours in any pay period.

44. To avoid paying the full overtime owed under the FLSA, Defendants concocted the scheme described in paragraphs forty-two and forty-three (¶¶ 42-43) above.

45. Defendant's method of calculating "straight time" for its hourly employees was not legal as it clearly violates the FLSA.

46. Defendant's attempted to hide the illicit nature of their scheme by providing its employees with an explanation for its hourly pay policies based on the text and regulations of the FLSA that apply to piece rate work. *See Exhibit A*.

47. Defendant therefore knowingly violated the overtime provisions of the FLSA and then covered up these actions by providing their employees false information. *See Exhibit A*.

48. Defendants intended their employees to rely on the misrepresented text and regulations of the FLSA to their employees' detriment, expecting their employees to believe they were

paid in accordance with the law when they were not.

49. Upon information and belief, Defendants stopped permitting their employees to work more than forty (40) hours in a week on May 1, 2019.

50. Plaintiff and other members of the Class, as defined in paragraph seventeen (¶ 17) above, worked more than forty (40) hours per week on one or more occasions during the statutory period.

51. Defendants employed their "straight time" employees, as described in *Exhibit A*, on a per-hour basis.

52. Defendants are unable to bear their burden of demonstrating that Plaintiff and other class members fall within any of the FLSA overtime exemptions.

53. The net effect of Defendants' plan, policy, and practice of failing to properly pay Plaintiff and the Class overtime compensation for all hours worked in excess of forty (40) per week within weekly pay periods during all relevant times, was a scheme to avoid paying statutorily required overtime and violate the letter and spirit of the FLSA.

54. Although at this stage Plaintiff is unable to state the exact amount owed to her and the Class, she believes such information will become available during the course of discovery, and should be easily deduced from the records Defendants keep to comply with the record keeping requirements of the FLSA.

55. However, if Defendants fail to properly keep complete and accurate time records of their employees, such employees may establish the hours they worked, including overtime hours, solely by their testimony and the burden of proof of overcoming any such testimony shifts to the employer.

### VI. COLLECTIVE ACTION ALLEGATIONS

56. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

57. Plaintiff brings this action on behalf of herself and the Class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

58. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

59. The members of the Class are so numerous that joinder of all other members of the Class is impracticable. While the exact number of the other members of the Class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are dozens of individuals in the Class, which is spread over the state.

60. The claims of Plaintiff are typical of the claims of the Class. Plaintiff and the other members of the Class work or have worked for Defendants and were subject to the same operational compensation plans, policies, and practices, including the failure of Defendants to pay Plaintiff and other similarly situated employees overtime compensation for all hours worked in excess of forty (40) hours within weekly pay periods during all times relevant to this action.

61. Plaintiff and the other members of the class either work or have worked for Defendants and were subject to the same operational compensation plans, policies, and practices, including the failure of Defendants to pay Plaintiff and other similarly situated employees overtime compensation.

62. Plaintiff and the other members of the class work or have worked for Defendants and were subject to the same operational compensation plans, policies, and practices, including

Defendants' failure to pay Plaintiff and other similarly situated employees overtime compensation at an amount equal to one and one-half times the Plaintiff's Regular Rate, as defined by 29 U.S.C. 207 (e) and explained by regulation.

63. Common questions of law and fact exist as to the Class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Defendants required Plaintiff and other members of the Class to work hours in excess of forty (40) per week within weekly pay periods of the limitations' period, without being compensated at one and one-half times their regular hourly rate of pay for all such overtime hours;

- Whether Plaintiff and other members of the Class were exempt from the FLSA overtime requirements during times relevant to this action;

- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the Class;

- Whether Plaintiff and other members of the Class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

64. Plaintiff will fairly and adequately protect the interests of the Class as her interests are aligned with those of the other members of the Class. Plaintiff has no interests adverse to the Class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

65. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation

suffered by individual members of the Class in a collective action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for other members of the Class to individually seek redress for the wrongs done to them.

66. Plaintiff and other members of the Class have suffered and will continue to suffer irreparable damage from the unlawful compensation policies, practices, and procedures implemented and administered by Defendants.

### VII. RECOVERY OF OVERTIME COMPENSATION

67. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

68. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all relevant times to this Complaint.

69. At all relevant times, Defendants employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

70. At all times relevant, Defendants have had a uniform plan, policy, and practice of willfully refusing to pay Plaintiff and other members of the Class federal, applicable overtime compensation for all hours worked in excess of forty (40) hours per week.

71. At all times relevant, Defendants have had actual and/or constructive knowledge that they refused to pay the federal applicable overtime compensation to Plaintiff and other members of the Class for all hours worked in excess of forty (40) hours per week.

72. At all times relevant, Defendants have had actual and/or constructive knowledge they

willfully refused to pay the federally mandated overtime wage of at least one and a half times Plaintiff's Regular Rate of pay.

73. At all times relevant, Defendants did not have a good faith basis for their failure to pay the federal applicable overtime compensation, at the proper rate, to Plaintiff and other members of the Class for all hours worked in excess of forty (40) hours per week.

74. As a result of Defendants' willful failure to pay Plaintiff and other members of the class overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

75. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. Due to Defendants' willful FLSA violations, and lack of good faith, in their failure to pay Plaintiff and other members of the Class overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, Plaintiff and putative class members are entitled to recovery of unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. *§* 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and on behalf of himself and all other similarly situated members of the Class, demand judgment, jointly and severally, against Defendants, Quality Healthcare, Verlencia Myers, and Jetuwan Brown, as well as to request this Court to grant the following relief against said Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue

notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiff and other members of the class were misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Defendants have willfully violated the FLSA;

I. Award a reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other employees and the risks she has undertaken; and

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial**

**by jury** on all issues so triable.

Dated: August 15, 2019.  Respectfully submitted,

*s/ George B. Ready*
George B. Ready (MS Bar #4674)
**Law Office of George B. Ready**
175 East Commerce St.
P.O. Box 127
Hernando, MS 38632
662-429-7088
*gbready@georgebreadyattorneys.com*

and

Nathaniel A. Bishop* (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*nbishop@jsyc.com*

*Pro Hac Vice Expected*

*Attorneys for the Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*